Jesse Boothe v. Commissioner. Jesse Boothe and Elsie C. Boothe v. Commissioner.
Boothe v. Commissioner
Docket Nos. 64563, 64564.
United States Tax Court
T.C. Memo 1959-43; 1959 Tax Ct. Memo LEXIS 209; 18 T.C.M. (CCH) 201; T.C.M. (RIA) 59043; February 27, 1959
*209 Held, on the facts, that the principal petitioner contributed more than one-half the support of each of his three minor children, for each of the taxable years involved; and that he is entitled to the credits for dependents provided by the applicable provisions of the 1939 and 1954 Codes. Alfred J. Ellington, Esq., Walnut Cove, N.C., for the petitioners. John L. Ridenour, *210 III, Esq., and Paul J. Weiss, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: These two cases, which were consolidated for trial, involve deficiencies in income tax determined by the respondent for the years 1952, 1953 and 1954, in the amounts of $133, $403, and $360, respectively. The only question for decision is whether, for each of the years involved, the petitioner Jesse Boothe is entitled to dependency credits for his three minor children. The respondent, for lack of substantiation, disallowed a credit for one of the children for the year 1952, and disallowed credits for all three of the children for the years 1953 and 1954. Findings of Fact Certain facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference. The petitioners Jesse Boothe and Elsie C. Boothe are husband and wife, residing in Mayodan, North Carolina. For the years 1952 and 1953, Jesse filed separate individual income tax returns; and for the year 1954, he and Elsie filed a joint return. All these returns were filed with the director of internal revenue at Greensboro, North *211 Carolina. Elsie is a party to this proceeding solely by reason of her having filed said joint return for the year 1954. Prior to 1950, Jesse Boothe was married to Weeta Boothe; but in said year they separated, and they subsequently were divorced. Three children were born of that marriage: A son Buddy whose age at the time of said separation was about 11 years; another son Huston whose age was then about 7 years, and a daughter Judy whose age was then about 4 years. Following said separation of the parents, these three children continued to live with their mother in the house in Mayodan where all the family, including Jesse, had previously resided. Jesse continued to be the owner of the house until sometime in April 1952. In March 1952, Weeta married Walter Brim. And, prior to the end of the year 1952, Jesse married the petitioner, Elsie C. Boothe. Brim, following his marriage to Weeta, moved into the Mayodan house which Weeta and the children occupied; and he lived there with them throughout the taxable years involved. The rental value of said house was only about $300 per year; and the total living expenses of Brim, Weeta and the children, at all times material, were very small. *212 The petitioner, Jesse, during all of the taxable years, regularly paid Weeta $15 per week for the support of the children; and in addition, he contributed certain clothing and carried health insurance for them. Brim and Weeta contributed little if anything to the children's support, other than to permit them to share in the occupancy of the abovementioned house. No other support was received by the three children, except small amounts which the two sons earned by delivering newspapers and spent principally for clothing. Petitioner Jesse Boothe contributed more than one-half of the support of each of his three children, Buddy, Huston and Judy, for each of the taxable years here involved. Opinion The issue here, as to whether Jesse Boothe contributed more than one-half of the support for each of his three children during each of the years involved, is a question of fact. After hearing the testimony of all persons who contributed in any way to such support, after giving consideration to the credibility and weight to be accorded to the testimony of each of these persons, and also on the basis of all the evidence and the findings of fact which we have hereinabove made therefrom, we *213 have decided said issue in favor of the petitioners. Accordingly we here hold that, under section 25(b) of the 1939 Code and sections 151 and 152 of the 1954 Code, petitioner Jesse Boothe is entitled to a dependency credit for each of his said children, for each of the taxable years involved. Decisions will be entered for the petitioners.